UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT J. KLEMM,<br><br>             Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>             Defendant. | Case No. EDCV 13-1717-OP<br><br>MEMORANDUM OPINION AND ORDER |

      The Court[1] now rules as follows with respect to the disputed issue listed in the Joint Stipulation ("JS").[2]

/ / /

/ / /

/ / /

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See ECF Nos. 9, 10.)

[2] As the Court stated in its Case Management Order, the decision in this case is made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g). (ECF No. 7 at 3.)

# I.
# **DISPUTED ISSUE**

As reflected in the Joint Stipulation, the disputed issue raised by Plaintiff as the ground for reversal and/or remand is whether the Administrative Law Judge ("ALJ") properly considered the hearing testimony. (JS at 4.)

# II.
# **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

# III.
# **DISCUSSION**

**A.    The ALJ's Findings.**

The ALJ found that Plaintiff has the severe impairments of anxiety disorder and bipolar disorder. (Administrative Record ("AR") at 39.) The ALJ found Plaintiff had the residual functional capacity ("RFC") to perform work at all exertional levels that is nonpublic, entry level work and does not require extensive

verbal communication with coworkers or supervisors. (Id. at 41.)

Relying on the testimony of a vocational expert ("VE"), the ALJ concluded that Plaintiff is capable of performing work as a janitor, industrial cleaner, or warehouse worker. (Id. at 44.)

**B.  Petitioner Has Not Rebutted the Presumption of Continuing Nondisability.**

**1.  The Chavez Presumption.**

The principles of res judicata apply to administrative decisions. However, the doctrine is not as rigidly applied to administrative proceedings as it is to judicial proceedings. Chavez v. Bowen, 844 F.2d 691, 693 (9th Cir. 1988); see also Gregory v. Bowen, 844 F.2d 664, 666 (9th Cir. 1988). Social Security Acquiescence Ruling 97-4(9), adopting Chavez, applies to cases involving a subsequent disability claim with an unadjudicated period arising under the same title of the Social Security Act as a prior claim on which there has been a final administrative decision that the claimant is not disabled. Acquiescence Ruling 97-4(9), 1997 WL 742758. A previous final determination of nondisability creates a presumption of continuing nondisability with respect to any subsequent unadjudicated period of alleged disability. Lester v. Chater, 81 F.3d 821, 827 (9th Cir. 1995).

However, the presumption may be overcome by a showing of "changed circumstances." Lester, 81 F.3d at 827-28; see also Chavez, 844 F.2d at 693; Taylor v. Heckler, 765 F.2d 872, 875 (9th Cir. 1985). In order to show "changed circumstances," the evidence must establish that the claimant suffers from an impairment that indicates a greater disability. Chavez, 844 F.2d at 693. Changed circumstances include a change in age category, an increase in the severity of the claimant's impairment(s), the alleged existence of an impairment not previously considered, or a change in the criteria for determining disability. Acquiescence Ruling 97-4(9), 1997 WL 742758, at *3.

Acquiescence Ruling 97-4(9) directs adjudicators to follow a two-step inquiry. Id. First, adjudicators must apply a presumption of continuing non-disability. A "claimant may rebut this presumption by showing a 'changed circumstance' affecting the issue of disability with respect to the unadjudicated period." Id. Second, if the claimant rebuts the presumption, adjudicators must give effect to certain findings "contained in the final decision by an ALJ or the Appeals Council on the prior claim, when adjudicating the subsequent claim," including the findings of a claimant's RFC, education, or work experience. Id. "Adjudicators must adopt such a finding from the final decision on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding." Id.

### 2. **The Decisions.**

#### a. **2009 Decision.**

On August 7, 2007, Plaintiff filed a prior claim for benefits. (AR at 85.) On July 14, 2009, the ALJ issued a decision, finding that Plaintiff suffered from the severe impairments of bipolar affective disorder and anxiety disorder. (Id. at 87.) The ALJ found Plaintiff had the RFC to perform work at all exertional levels but with the following nonexertional limitations: routine, repetitive, entry level, minimally stressful work, with no contact with the general public and only superficial interpersonal contact with co-workers and supervisors. (Id. at 89.) The ALJ further found Plaintiff could perform work such as industrial cleaner, packager, and kitchen helper, and, thus, was not disabled. (Id. at 93.) This is the operative final decision for purposes of the Chavez analysis.

#### b. **2011 Decision.**

On August 7, 2009, Plaintiff filed the current application for supplemental security benefits. (Id. at 37.) On March 29, 2011, a hearing was held before the

ALJ. (Id. at 51-68.) It appears that Plaintiff presented his own testimony and that of his pastor to show changed circumstances to rebut the Chavez presumption. On April 21, 2011, the ALJ issued a decision, citing to Chavez, and finding that Plaintiff had not rebutted the presumption of continued nondisability by showing evidenced of changed circumstances. (Id. at 37.) In doing so, the ALJ rejected the testimony of Plaintiff and his pastor. (Id. at 41-43.) As explained above, the ALJ found that Plaintiff suffered from the severe impairments of anxiety disorder and bipolar disorder, and had the RFC to perform work at all exertional levels with certain nonexertional limitations. (Id. at 39, 41.) The ALJ further found that Plaintiff could perform work as a janitor, industrial cleaner, or warehouse worker. (Id. at 44.)

### 3. The ALJ Properly Considered Plaintiff's Credibility.

Plaintiff argues that the ALJ erred in rejecting Plaintiff's credibility and thereby finding that Plaintiff failed to show changed circumstances. (JS at 7-13.)

The ALJ described Plaintiff's subjective complaints and the reasons for finding them not credible, as follows:

> The claimant testified he was unable to work because of anxiety attacks. He stated he was diagnosed with bipolar disorder and anxiety disorder in 2006. He alleged he became antsy in large crowds. He stated he became angry quickly. The claimant alleged he had a pinched sciatic nerve due to a football injury. He also alleged frequent migraine and tension headaches. The claimant testified he had been on psychiatric medications for five years. He stated medication side effects included drowsiness and weight gain.
>
> The claimant testified he lived with his parents. The claimant admitted he had recently looked for work at local retail stores. He testified he spent the day with his fiancee. He acknowledged he took her shopping. He admitted he got along with her family. He stated he

went to church regularly. In fact, the claimant indicated he attended regular counseling with his pastor.

I have read and considered the *Adult Function Report* completed by the claimant on September 5, 2009. The claimant alleged he had difficulty paying attention. He stated he had a short temper. The claimant indicated he performed self-care independently. He reported he fixed simple meals. He wrote he mowed the lawn, vacuumed, and did laundry. The claimant admitted he went outside five to seven times a week. He listed reading, watching television, and listening to music as hobbies.

Despite his impairment, the claimant has engaged in a somewhat normal level of daily activity and interaction. The claimant admitted that he cared and cooked for himself. He stated he did yard work and household chores. He testified that he drove his fiancee to stores. He admitted [he] had looked for employment at local retail stores. The claimant admitted that he attended church regularly. Some of the physical and mental abilities and social interaction required in order to perform these activities are the same as those necessary for obtaining and maintaining employment. The claimant's ability to participate in such activities undermined the credibility of the claimant's allegations of disabling functional limitations.

. . . .

After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's . . . statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

(AR at 41-42 (citations omitted).)

An ALJ's assessment of claimant credibility is entitled to "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). When, as here, an ALJ's disbelief of a claimant's testimony is a critical factor in a decision to deny benefits, the ALJ must make explicit credibility findings. Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981); see also Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990) (an implicit finding that claimant was not credible is insufficient).

Once a claimant has presented medical evidence of an underlying impairment which reasonably could be expected to cause the symptoms alleged, the ALJ may only discredit the claimant's testimony regarding subjective symptoms by providing specific, clear, and convincing reasons for doing so. Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007). An ALJ's credibility finding must be properly supported by the record and sufficiently specific to ensure a reviewing court that the ALJ did not arbitrarily reject a claimant's subjective testimony. Bunnell v. Sullivan, 947 F.2d 341, 345-47 (9th Cir. 1991). An ALJ may properly consider "testimony from physicians . . . concerning the nature, severity, and effect of the symptoms of which [claimant] complains," and may properly rely on inconsistencies between claimant's testimony and claimant's conduct and daily activities. See, e.g., Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (citation omitted). An ALJ also may consider "[t]he nature, location, onset, duration, frequency, radiation, and intensity" of any pain or other symptoms; "[p]recipitating and aggravating factors"; "[t]ype, dosage, effectiveness, and adverse side-effects of any medication"; "[t]reatment, other than medication"; "[f]unctional restrictions"; "[t]he claimant's daily activities"; "unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment"; and "ordinary

7

techniques of credibility evaluation," in assessing the credibility of the allegedly disabling subjective symptoms. Bunnell, 947 F.2d at 346-47; see also Soc. Sec. Ruling 96-7p; 20 C.F.R. 404.1529 (2005); Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999) (ALJ may properly rely on plaintiff's daily activities, and on conflict between claimant's testimony of subjective complaints and objective medical evidence in the record); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998) (ALJ may properly rely on weak objective support, lack of treatment, daily activities inconsistent with total disability, and helpful medication); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on claimant's daily activities and the lack of side effects from prescribed medication).

Here, the ALJ provided a specific, clear, and convincing reason for finding Plaintiff's subjective complaints of impairment less than credible, namely that his admitted activities of daily living suggest an ability to perform work activity. An ALJ may rely on a claimant's daily activities to support an adverse credibility determination when those activities: (1) "contradict [claimant's] other testimony"; or (2) "meet the threshold for transferable work skills." Orn v. Astrue, 495 F.3d 625, 639 (9th Cir. 2007). As a result, a plaintiff's credibility may be discounted if he or she "is able to spend a substantial part of his or her day performing household chores or other activities that are transferable to a work setting." Smolen v. Chater, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996). A claimant, however, need not be "utterly incapacitated to be eligible for benefits . . . and many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) (internal citations omitted).

The record indicates that Plaintiff maintains a rather full list of daily activities, particularly when it comes to engaging in the public encounters he has

alleged cause him anxiety and panic attacks.  He is able to take his girlfriend shopping (AR at 59), attend church regularly (id. at 59, 61, 225), complete some schooling (id. at 55), and attend events with large public crowds such as the Renaissance Faire (id. at 308, 403).  Perhaps most significantly, Plaintiff is able to enter a workplace setting and apply for jobs.  (Id. at 58, 232, 299, 385.)  These daily activities support the ALJ's determination.

Based on the foregoing, the Court finds that the ALJ stated specific, clear, and convincing reasons, supported by substantial evidence in the record, for rejecting Plaintiff's credibility.  Because the ALJ properly rejected Plaintiff's subjective complaints, these complaints were insufficient to rebut the presumption of continuing nondisability.

### 4. **The ALJ Properly Considered the Lay Witness Testimony.**

Plaintiff also claims that the ALJ failed to properly consider the statement of Plaintiff's pastor, Eric Kaelberer, in considering whether Plaintiff had proven changed circumstances.  (JS at 13-15.)

Mr. Kaelberer testified at Plaintiff's hearing before the ALJ.  He explained that Plaintiff is motivated to work but is prevented from doing so by his anxiety.  (AR at 62.)  Mr. Kaelberer described witnessing one of Plaintiff's anxiety attacks, during which he found Plaintiff in his car shaking and crying.  (Id.)  Mr. Kaelberer also submitted a letter stating that he has witnessed Plaintiff's panic attacks and that his anxiety and panic disorder prevent him from working.  (Id. at 225.)

The ALJ rejected Mr. Kaelberer's statements in conjunction with Plaintiff's father's statements, finding:

> I find the claimant's father's and pastor's allegations concerning the intensity, persistence and limiting effects of the claimant's symptoms are less than fully credible. The claimant's father and pastor are not medical professionals.  While a layperson can offer an opinion on a diagnosis, the severity of the claimant's symptoms, or the side effects of

9

>medications in relationship to the claimant's ability to work, the opinion of a layperson is far less persuasive on those same issues than are the opinions of medical professionals as relied on herein.  In addition, the opinion of the claimant's father and pastor is not an unbiased one because they [have] an emotional interest . . . in seeing the claimant receive benefits. . . .  Most importantly, these statements are not supported by the clinical or diagnostic medical evidence that is discussed more thoroughly below.  I find the statements of the claimant's father and pastor are not credible to the extent the statements are inconsistent with the above residual functional capacity assessment.

(Id. at 42.)

Title 20 C.F.R. §§ 404.1513(d) and 416.913(d) provides that, in addition to medical evidence, the Commissioner "may also use evidence from other sources to show the severity of [an individual's] impairment(s) and how it affects [her] ability to work," and the Ninth Circuit has repeatedly held that "[d]escriptions by friends and family members in a position to observe a claimant's symptoms and daily activities have routinely been treated as competent evidence." 20 C.F.R. §§ 404.1513(d), 416.913(d); Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987).  If the ALJ chooses to reject such evidence from "other sources," he may not do so without comment.  Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996).  The ALJ must provide "reasons that are germane to each witness." Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993).

Here, the ALJ acknowledged Mr. Kaelberer's statements and rejected them on the basis of reasons that were germane to the witness.  The Court does not consider the persuasiveness of the ALJ's reasons.  The ALJ fulfilled his duty to consider the evidence and provide sufficient reasons for rejecting the third party evidence.  Accordingly, Mr. Kaelberer's statements were insufficient to rebut the presumption of continuing nondisability.

**5.   Conclusion.**

Because the ALJ properly rejected the evidence relied upon by Plaintiff to rebut the presumption of continuing nondisability, the ALJ did not err in finding that Plaintiff had failed to rebut the presumption.  Thus, relief is not warranted.

## IV.

## ORDER

Based on the foregoing, IT IS THEREFORE ORDERED, that judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this action with prejudice.

Dated:  June 11, 2014

HONORABLE OSWALD PARADA
United States Magistrate Judge